E-FILED
Monday, 23 February, 2009  04:06:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 02-CR-20029 |
| | ) | |
| **KEEFER JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

On February 4, 2008, Defendant, Keefer Jones, filed a pro se Motion to Reduce Sentence (#71) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. The same day, this court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant. Defendant's appointed counsel requested an extension of time to review Defendant's case and discuss the case with Defendant. This court granted the requested extension. On December 29, 2008, Defendant, through his counsel, filed an Amended Motion to Reduce Sentence (#74). Defendant asked that his sentence be reduced from 262 months to 168 months. Defendant noted that the Government objected to any reduction based upon public safety concerns. On February 15, 2009, the Government filed its Response to Amended Motion to Reduce Sentence (#75) and argued that Defendant's Amended Motion should be denied.

This court has carefully considered the arguments presented by the parties and agrees with the Government that no reduction should be allowed in this case. Accordingly, Defendant's pro se Motion to Reduce Sentence (#71) and Defendant's Amended Motion to Reduce Sentence (#74) are DENIED.

## BACKGROUND

On April 5, 2002, Defendant was charged in a single-count indictment with possession of five

or more grams of cocaine base ("crack") with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On July 16, 2002, following a two-day jury trial, Defendant was found guilty of the charge. Subsequently, this court granted Defendant's request that a new attorney be appointed to represent him. Due to various problems, two attorneys appointed by this court to represent Defendant subsequently withdrew. A sentencing hearing was finally held in this case on June 3, 2004, with Attorney Carol Dison representing Defendant at sentencing. At sentencing, Defendant was held accountable for 46.3 grams of crack cocaine, resulting in a base offence level of 30. The base offense level was enhanced by two levels for obstruction of justice so Defendant's adjusted offense level was 32. Defendant's criminal history category was determined to be VI. This resulted in a Sentencing Guidelines imprisonment range of 210 to 262 months. This court imposed a sentence of 262 months and stated:

> Thanks to [defense counsel] and pursuant to the Sentencing Guidelines, I cannot sentence you to 327 months, even though you richly deserve that sentence.
>
> But it would deprecate the seriousness of your conduct in this case and your criminal conduct through your life for which you deserve criminal history category VI and offense level 32 for me to sentence you any less than the maximum sentence pursuant to the guidelines.

Defendant filed a timely Notice of Appeal.

While Defendant's appeal was pending before the Seventh Circuit Court of Appeals, the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which held that the Sentencing Guidelines were no longer mandatory. On August 1, 2006, the Seventh Circuit entered an Opinion which affirmed Defendant's conviction and sentence. United States v. Jones, 455 F.3d

800 (7th Cir. 2006). The court found that a limited remand under United States v. Paladino, 401 F.3d 471 (7th Cir. 2005) to determine what sentence the district court would have imposed had it realized the Guidelines were advisory was unnecessary. Jones, 455 F.3d at 810. The court stated that, given this court's statement that Defendant "richly deserve[d]" a higher sentence, "we need not remand this case to permit the district court to determine how it would have sentenced [Defendant] had the guidelines not been mandatory." Jones, 455 F.3d at 810.

## ANALYSIS

As noted, Defendant has now filed Motions seeking a reduction in his sentence based upon the retroactive amendments to the Sentencing Guidelines regarding crack cocaine offenses. In its Response, the Government set out Defendant's extensive criminal history and argued that this court should exercise its discretion and deny Defendant's Motion for a reduction in his sentence.

The applicable statute, 18 U.S.C. § 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). "The statute thus confers upon the district court substantial discretion--within the broad framework of 18 U.S.C. § 3553(a) and assuming consistency with the relevant policy statements of the Sentencing Commission--to determine whether a sentence reduction is warranted." United States v. Young, ___ F.3d ___, 2009 WL 331284, at *3 (7th Cir. 2009). The district court has substantial discretion to determine how it will evaluate a motion under § 3582(c)(2) and whether it will grant a sentence reduction. Young, 2009 WL 331284, at *1. The application notes to the pertinent Sentencing Commission policy statement provides that the court "shall consider"

whether a sentence reduction would endanger the community.  <u>Young</u>, 2009 WL 331284, at *2, <u>quoting</u> U.S.S.G. § 1B1.10 cmt. n.1(B)(ii).

In this case, this court determined at sentencing that Defendant "richly deserve[d]" a higher sentence than the 262 month sentence imposed based upon the serious nature of his conduct in this case and his "criminal conduct through [his] life."  This court concludes, in agreement with the Government, that none of that was changed by the amendments to the Sentencing Guidelines and that Defendant still remains a danger to the community.  This court, in the exercise of its discretion under § 3582(c)(2), concludes that Defendant is not entitled to a reduction in this sentence.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Amended Motion to Reduce Sentence (#74) is DENIED.

(2) Defendant's pro se Motion to Reduce Sentence (#71) is DENIED.

(3) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 23rd day of February, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE